**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey  08540-7814
Terry D. Johnson
Ashley D. Chilton
(609) 919-6657

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN GOICOECHEA,<br><br>       Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE & CO.; and, JOHN DOES 1-5 AND 6-10,<br><br>       Defendants. | Civil Action No.: 3:23-cv-03900-RK-DEA<br><br>***ELECTRONICALLY FILED***<br><br>*Motion Returnable: September 5, 2023* |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO**
<u>**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**</u>

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ............................................................................................. 1

II. STATEMENT OF RELEVANT ALLEGATIONS ............................................................. 3

III. LEGAL STANDARD ............................................................................................................ 4

IV. ARGUMENT ......................................................................................................................... 5

    A. Plaintiff's Public Accommodation Discrimination Claim Must Be Dismissed Because He Fails to Plausibly Allege a Violation of New Jersey's Law Against Discrimination ................................................. 5

    B. Plaintiff's Claim for Declaratory and Equitable Relief Is Not a Cause of Action ................................................................................................. 8

V. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................4

*Dasrath v. Cont'l Airlines, Inc.*,
    2006 WL 372980 (D.N.J. Feb. 16, 2006) ...........................................................................5

*Franek v. Tomahawk Lake Resort*,
    333 N.J. Super. 206 (App. Div. 2000) ............................................................................7, 8

*Jones v. Phi Kappa Alpha Int'l Fraternity*,
    431 F. Supp. 3d 518 (D.N.J. 2019) .....................................................................................7

*Kaufman v. Sussex Cty. Educ. Servs. Comm'n*,
    2018 WL 3122335 (D.N.J. June 25, 2018) .........................................................................8

*Phillips v. City of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ................................................................................................4

*Spreter v. AmerisourceBergen Corp.*,
    2014 WL 5512150 (D.N.J. Oct. 30, 2014) ..........................................................................8

*Turner v. Wong*,
    832 A.2d 340 (App. Div. 2003) ......................................................................................6, 7

*Vandeusen v. Mabel Realty of Bordentown, LLC*,
    2012 WL 1664116 (D.N.J. May 11, 2012) .........................................................................5

**STATUTES**

N.J.S.A. § 10:5-12(f)(1) ...................................................................................................................5

<u>New Jersey's Law</u> .........................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................4

Defendant JPMorgan Chase Bank, N.A. (incorrectly identified in the Complaint as "JP Morgan Chase & Co.")[1] ("Defendant" or "Chase"), by and through its counsel, Morgan, Lewis & Bockius LLP, submits this Brief in Support of Defendant's Motion to Dismiss Plaintiff Jonathan Goicoechea's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted.

I.    **PRELIMINARY STATEMENT**

Plaintiff alleges that he was racially discriminated against by the manager of a Chase bank branch in New Brunswick, New Jersey ("Chase Bank Branch") and denied a public accommodation in violation of the New Jersey Law Against Discrimination ("NJLAD"). Chase takes all allegations of discrimination very seriously and does not tolerate discrimination. But Plaintiff's allegations do not demonstrate discrimination or state a viable public accommodation discrimination claim.

Plaintiff cobbles together a few disjointed alleged interactions over a two-year period with a manager at the Chase Bank Branch to claim that he was discriminated against on the basis of his race (identified as "Latino and African-American"). Specifically, Plaintiff alleges that he visited the Chase Bank Branch "every week" starting in December 2020. According to Plaintiff, during one of his visits in August 2021, he needed to "speak with a manager." The branch manager (who is identified as a "Caucasian" female) purportedly delayed helping Plaintiff, but "eventually assisted Plaintiff with his business." Plaintiff next alleges that, on another occasion 16 months later in December 2022, he visited the Chase Bank Branch to obtain change for the unidentified store where he worked. Plaintiff claims that the same branch manager asked him "what he was there for" and somehow "seemed to treat [him] differently." Finally, Plaintiff alleges that when

---

[1] Defendant reserves the right to move to dismiss improperly named entities at a later date.

he visited the Chase Bank Branch in January 2023, the branch manager allegedly asked him, "[a]re you here to rob us?" and then asked, "[w]hat do you want to do next?" The branch manager then proceeded to assist Plaintiff with completing his transaction. Defendant disputes Plaintiff's one-sided version of events, and, most importantly, denies that Plaintiff's race played any role whatsoever in how he was treated at the branch. But even accepting the allegations of Plaintiff's Complaint as true, as the parties and Court must at this early stage of the litigation, the allegations fall far short of establishing a viable public accommodation race discrimination claim.

First and foremost, Plaintiff's Complaint should be dismissed because he admits that he was not denied any form of service at the Chase Bank Branch and all of his transactions were successfully completed. Thus, Plaintiff's public accommodation claim fails as a matter of law because the Complaint does not allege that he was denied any accommodations as required by the NJLAD.

Moreover, Plaintiff's Complaint should be dismissed because Plaintiff does not allege that Defendant, or a representative of Defendant, made any derogatory comments based on his race. At best, Plaintiff alleges that the service he admittedly received at the branch "every week" was slow on one occasion and that the branch manager was not "very friendly" on another occasion. Indeed, the Complaint fails to allege that Plaintiff was treated differently than any other customer of the Bank.

And while Plaintiff alleges that the branch manager asked him if he was there to "rob" the Chase Bank Branch, dispositively the Complaint does not allege that this question was tied to Plaintiff's race. This is not enough to state a viable NJLAD claim. Plaintiff has failed to plausibly allege sufficient facts to support a public accommodation race discrimination cause of action under

the NJLAD, and Defendant's Motion to Dismiss should be granted and Plaintiff's Complaint dismissed in its entirety with prejudice.

## II.     STATEMENT OF RELEVANT ALLEGATIONS

Plaintiff's Amended Complaint alleges the following facts, which must be accepted as true for purposes of this Motion. Starting in December 2020, Plaintiff, a Latino and African American male, made weekly visits to that Chase Bank Branch at 349 George Street in New Brunswick, New Jersey to get change for the store where he worked.  *See* Docket No. 1-1, Complaint ("Compl.") ¶¶ 7-9. In August 2021, Plaintiff visited the Chase Bank Branch to speak with a manager. Compl. ¶ 9. The branch manager, a white female, "kept putting off helping [Plaintiff]," but after an hour she "eventually assisted Plaintiff with his business." Compl. ¶¶ 10-12.

In approximately December 2022, Plaintiff returned to the Chase Bank Branch with a co-worker. Compl. ¶ 14. The same branch manager who "assisted Plaintiff with his business" in August 2021, asked Plaintiff what he was there for, and Plaintiff told her that he needed to get change, as he did every week. Compl. ¶¶ 15-16. The branch manager "seemed to treat Plaintiff differently[,]" but Plaintiff does not allege that the branch manager prevented him from getting his change, or discouraged him from patronizing the bank in the future. Compl. ¶ 18.

Indeed, on January 18, 2023, Plaintiff returned to the Chase Bank Branch with his co-worker. Compl. ¶ 19. Plaintiff looked for another banker to assist him, "but [the branch manager] was the only one available." Compl. ¶ 21. When Plaintiff went up to the branch manager, she asked him "[a]re you here to rob us?" and then asked, "[w]hat do you want to do next?" Compl. ¶¶ 22-23. Plaintiff alleges that the branch manager "looked as though she was going to have a panic attack and was on the verge of tears." Compl. ¶ 24. Plaintiff told the branch manager to "take a deep breath." Compl. ¶ 25. The branch manager tried to joke with Plaintiff, and asked him about getting change. Compl. ¶ 26. Plaintiff "slowly pulled out his debit card and entered his

3

pin as he always did." Compl. ¶ 27. The branch manager "completed Plaintiff's transaction" and told him that she would "know him for next time." Compl. ¶ 28.

Plaintiff called Chase's customer service to make a complaint. Compl. ¶ 29. Plaintiff also posted on Twitter, asking "whether it was possible for him to go into a bank without someone thinking that he was going to rob the place." Compl. ¶¶ 29-30. A representative of Chase "answered" and "Plaintiff was supposed to receive a call from a district manager, but he never did." Compl. ¶ 31.

### III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) must be granted where the complaint fails to allege facts sufficient to establish each element of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a plaintiff's allegations must rise above the "speculative," "conceivable," or "possible" to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547, 555, 563, 570; *see also Iqbal*, 556 U.S. at 678 (explaining that plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"); *Phillips v. City of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (explaining that factual allegations must "'raise a reasonable expectation that discovery will reveal evidence of' the necessary element" to justify advancement "beyond the pleadings" (citation omitted)). A complaint must include more than "labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, while well-pleaded allegations of fact are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not. *Iqbal*, 556 U.S. at 678.

Based on this standard, Plaintiff's conclusory allegations against Chase clearly fail and the Court should grant Defendant's Motion and dismiss Plaintiff's Complaint in its entirety.

## IV. ARGUMENT

### A. Plaintiff's Public Accommodation Discrimination Claim Must Be Dismissed Because He Fails to Plausibly Allege a Violation of New Jersey's Law Against Discrimination

Plaintiff alleges in his Complaint that "a determinative and/or motivating factor in [the branch manager's] behavior toward Plaintiff was the fact of Plaintiff's race" and that this "constitutes discrimination in a place of public accommodation within the meaning of the [NJ]LAD." Compl. ¶¶ 32-33.

The NJLAD makes it unlawful for "any owner . . . agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof." N.J.S.A. § 10:5-12(f)(1). A plaintiff must plausibly plead, therefore, sufficient allegations in the complaint to establish that the "(1) defendant operates a place of public accommodation; (2) the plaintiff is a member of a protected class; and (3) he or she was denied equal treatment on the basis of his or her membership in a protected class." *Vandeusen v. Mabel Realty of Bordentown, LLC*, 2012 WL 1664116, at *3 (D.N.J. May 11, 2012) (citing N.J.S.A. § 10:5-12(f)); *see also Dasrath v. Cont'l Airlines, Inc.*, 2006 WL 372980, at *3 (D.N.J. Feb. 16, 2006).

Here, Plaintiff has failed to allege sufficient facts to establish the critical third element, that "he or she was denied equal treatment on the basis of his or her membership in a protected class." *Vandeusen*, 2012 WL 1664116, at *3. To establish that he was denied equal treatment on the basis of his protected class under the NJLAD, Plaintiff must show that Chase "directly or indirectly [] refuse[d]" to provide him with "any of the accommodations, advantages, facilities or privileges" of the Chase Bank Branch because he is Latino and African American, or otherwise discriminated against Plaintiff "in the furnishing thereof." N.J.S.A. § 10:5-12(f)(1). The former category of

conduct encompasses outright denial of access to the bank or service within the bank, and the latter category extends to "situations where customers are merely discouraged from using a public facility because of verbal comments made to them about their protected status." *Turner v. Wong*, 832 A.2d 340, 355 (App. Div. 2003).

In his Complaint, Plaintiff does not allege that he was denied access to the Chase Bank Branch, indirectly or directly. In fact, Plaintiff admits that he completed his banking transactions, (Compl. ¶¶ 12, 28) while frequenting the Chase Bank Branch "each" and "every week." Compl. ¶¶ 8, 16. Accordingly, Defendant anticipates that Plaintiff bases his public accommodation claim on the allegation that he was "discouraged from using [the bank] because of verbal comments made to [him] about [his] protected status," i.e., discriminated against in the furnishing of the public accommodation. *Turner*, 832 A.2d at 355. But Plaintiff's Complaint does not include a single factual allegation that Defendant, the Chase Bank Branch manager, or any other Chase representative, made any verbal comment related to Plaintiff being a Latino and African American.

New Jersey courts considering public accommodations claims in situations where customers are allegedly discouraged from using a public facility because of verbal comments have only found viable claims when the comments at issue were so overtly offensive, discriminatory, or hostile, that they unquestionably constituted a violation of the NJLAD. In *Turner*, the New Jersey Appellate Division considered a donut shop patron's claim that she had been discriminated against in the furnishing of a public accommodation. 832 A.2d at 345-46. There, the patron alleged that she was called a racial epithet by the donut store owner when the patron complained about a stale donut. *Id.* The store owner called the patron the racial epithet four or five times, while also yelling that "[w]hite people don't give me a hard time[]" when plaintiff requested a new donut. *Id.* at 346. The court recognized that, although the patron was not "denied use of

6

defendants' public accommodation on the day in question, [] she was embarrassed and humiliated in her effort to do so and discouraged from further using the facility on that day and in the future." *Id.* Because racial insults designed to discourage a patron's use of a public accommodation on that day or in the future are "unquestionably" violations of the NJLAD, the court reversed the trial court's grant of summary judgment dismissing the patron's NJLAD claim. *Id*. at 355-56.

Similarly, in *Franek v. Tomahawk Lake Resort*, the New Jersey Appellate Division considered whether a picnic grounds owner violated the NJLAD when he stated that he "[didn't] want those kind of people here" when referencing the wheelchair-bound plaintiff. 333 N.J. Super. 206, 217-218 (App. Div. 2000). The picnic grounds owner made the comment after he refused the plaintiff's family an accommodation that would have assisted the wheelchair-bound plaintiff in reaching the picnic grounds. The Appellate Division found that the grounds owner's reference to "those kind of people" directly referred to the plaintiff's disability. *Id.* at 216. Indeed, the Appellate Division held that it was "a considerable understatement to classify the statement made, as the trial judge did, as 'a mere offensive utterance.'" *Id*. at 219. *See also Jones v. Phi Kappa Alpha Int'l Fraternity*, 431 F. Supp. 3d 518, 531-32 (D.N.J. 2019) (held in dictum that "a[n] NJLAD cause of action based on the discriminatory behavior of a business owner [] may be actionable if it is outrageous enough to imply a design to discourage an individual's use of that public accommodation on account of her protected status.") (citing *Turner* and *Franek*)

The allegations in Plaintiff's Complaint here stand in complete contrast to the allegations in *Turner* and *Franek*. As an initial matter, Plaintiff does not even allege that the branch manager made any verbal comments whatsoever about Plaintiff's race or any other protected status. The only verbal statements alleged are, "[a]re you here to rob us[,]" "[w]hat are you going to do next[,]" and "[I will] know you for next time." Unlike the racial epithets of *Turner* directed at the patron's

7

race, or the hostile statement by the owner in *Franek* unquestionably linked to the plaintiff's disability, Plaintiff here has not and cannot plausibly allege that the statements asking if Plaintiff was there to rob the bank and what he was going to do next, and that the branch manager would know him for next time, were directed at or in any way related to Plaintiff's race. Accordingly, because Plaintiff has failed to plausibly allege that Defendant, through its employee, discriminated against Plaintiff in the furnishing of its banking services, Count I of Plaintiff's Complaint must be dismissed.

**B.    Plaintiff's Claim for Declaratory and Equitable Relief Is Not a Cause of Action**

Count II of Plaintiff's Complaint must also be dismissed for the same reason that his underlying NJLAD claim in Count I fails; Plaintiff does not plausibly allege that he experienced race discrimination. In his Complaint, Plaintiff seeks declaratory and equitable relief, requesting a declaration by this Court that Defendant violated New Jersey law, and Orders requiring Chase to cease and desist engaging in the alleged conduct, pay all costs and attorneys' fees, have all management personnel complete training on public accommodation's race discrimination, and retain an independent investigator to conduct an investigation of Chase's alleged practices with respect to race discrimination in public accommodations under the LAD. Given that Plaintiff's claim for declaratory and equitable relief in Count II is wholly derivative of his NJLAD claim in Count I which fails as a matter of law, Count II must also be dismissed. *See Spreter v. AmerisourceBergen Corp.*, 2014 WL 5512150, at *9 (D.N.J. Oct. 30, 2014) (dismissing declaratory judgment claim for lack of a live case or controversy in light of the dismissal of plaintiff's direct discrimination claims).

Count II also fails as a matter of law and should be dismissed because it is merely an extended and misplaced prayer for relief, and is therefore redundant. *See, e.g., Kaufman v. Sussex*

8

*Cty. Educ. Servs. Comm'n*, 2018 WL 3122335, at *11 (D.N.J. June 25, 2018) (dismissing plaintiff's equitable relief claim because it is a "remedy . . . not a cause of action" or a "standalone claim"). Accordingly, the Court should dismiss Count II for equitable and declaratory relief.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: August 11, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

s/ *Terry D. Johnson*
Terry D. Johnson
Ashley D. Chilton
502 Carnegie Center
Princeton, New Jersey  08540
Telephone:  (609) 919-6669
Facsimile:  (609) 919-6701
terry.johnson@morganlewis.com
ashley.chilton@morganlewis.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2023, a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Dismiss was served on all counsel of record via ECF.

| | |
|---|---|
| Dated:  August 11, 2023 | */s/  Terry D. Johnson*<br>Terry D. Johnson |